ORIGINAL

FILED

2011 AUG 16  P 12: 51

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Tammy Hussin (Bar No. 155290)
   *Of Counsel*
2  Lemberg & Associates LLC
3  6404 Merlin Dr.
4  Carlsbad, CA 92011
   Telephone (855) 301-2100 ext. 5514
5  thussin@lemberglaw.com

6
   Lemberg & Associates, LLC
7  1100 Summer Street
8  Stamford, CT 06905
   Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424

10
   Attorneys for Plaintiff, Susan Bautista
11

12                                                      JCS

13              UNITED STATES DISTRICT COURT

14         NORTHERN DISTRICT OF CALIFORNIA  4 0 1 0

15

16 | Susan Bautista,                    | Case No.:
17 |              Plaintiff,             | **COMPLAINT FOR DAMAGES**
                                         | **1. VIOLATION OF FAIR DEBT**
18 |        vs.                          | **COLLECTION PRACTICES ACT,**
                                         | **15 U.S.C. § 1692 ET. SEQ;**
19 | Hunt & Henriques; and DOES 1-10,    | **2. VIOLATION OF FAIR DEBT**
   | inclusive,                          | **COLLECTION PRATICES ACT,**
20 |                                     | **CAL.CIV.CODE § 1788 ET. SEQ.**
   |              Defendants.            |
21 |                                     | **JURY TRIAL DEMANDED**

22

23

24                                              BY FAX

25

26

27

28

                                    COMPLAINT FOR DAMAGES

1    For this Complaint, the Plaintiff, Susan Bautista, by undersigned counsel, states

2    as follows:

3

4                                    **JURISDICTION**

5    1.    This action arises out of Defendants' repeated violations of the Fair Debt

6    Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of

7

8    Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

9    collect a consumer debt.

10   2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

11

12   3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

13   Defendants transact business here and a substantial portion of the acts giving rise to

14   this action occurred here.

15

16                                      **PARTIES**

17   4.    The Plaintiff, Susan Bautista (hereafter "Plaintiff"), is an adult individual

18

19   residing at 1409 Saint Kitts Lane Foster City, California 94404, and is a "consumer"

20   as the term is defined by 15 U.S.C. § 1692a(3).

21   5.    Defendant Hunt & Henriques ("Hunt"), is a  business entity with an

22

23   address of 151 Bernal Road, Suite 8, San Jose, California 95119, operating as a

24   collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

25   1692a(6).

26

27

28

                                          2          COMPLAINT FOR DAMAGES

6.     Does 1-10 (the "Collectors") are individual collectors employed by Hunt and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Hunt at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.     The Debt

8.     The Plaintiff allegedly incurred a financial obligation in the amount of $3,500.00 (the "Debt") to Citibank (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Hunt for collection, or Hunt was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.     Hunt Engages in Harassment and Abusive Tactics

12.     Within the last year, Hunt contacted Plaintiff in an attempt to collect the Debt.

13.    Hunt caused Plaintiff's telephone to ring at an excessive rate, placing daily calls to Plaintiff's cell phone twelve (12) times per day.

14.    Hunt called Plaintiff on her home telephone at as early as 6:30 A.M and as late as 9:30 P.M. and 10:00 P.M.

15.    Hunt failed to identify itself when speaking with Plaintiff and failed to inform Plaintiff that the call was an attempt to collect the Debt.

16.    During the initial contact and during every contact thereafter, Plaintiff requested that Defendant cease all collection attempts to Plaintiff, and advised Hunt that she has spine surgery and can't sleep and the calls were inconvenient and harassing. She also advised Hunt that she cannot afford to pay the Debt.

17.    Despite having been so informed during every telephone contact with Plaintiff, Hunt continued to contact Plaintiff in an attempt to collect the Debt.

18.    Hunt threatened to immediately garnish Plaintiff's wages and take her home if she did not immediately pay the Debt.

19.    Plaintiff sent a letter to Hunt requesting that Hunt cease all communication attempts. Despite receipt of the letter, Hunt continued calls to Plaintiff's home and cellular phone.

20.    On different occasions, Hunt representatives identified themselves as a customer service representative of Citibank, as calling from the Better Business Bureau, and as calling from the District Attorney's office.

21.     Hunt contacted Plaintiff's son in law in an attempt to collect the Debt. Hunt informed the son in law of the existence of the Debt, and further informed him that it could and would attempt to collect the Debt from the son in law.

## C.     Plaintiff Suffered Actual Damages

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

5                        COMPLAINT FOR DAMAGES

1    27.    The Defendants contacted the Plaintiff at a place and during a time

2
     known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).
3

4    28.    The Defendants communicated with individuals other than the Plaintiff,

5    the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

6
     29.    The Defendants caused a phone to ring repeatedly and engaged the
7

8    Plaintiff in telephone conversations, with the intent to annoy and harass, in violation

9    of 15 U.S.C. § 1692d(5).

10
     30.    The Defendants placed calls to the Plaintiff without disclosing the
11

12   identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

13   31.    The Defendants threatened the Plaintiff with garnishment if the debt was

14
     not paid, in violation of 15 U.S.C. § 1692e(4).
15

16   32.    The Defendants threatened the Plaintiff with attachment of his property if

17   the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

18
     33.    The Defendants failed to inform the consumer that the communication
19

20   was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

21   34.    The Defendants used a name other than the true name of the debt

22
     collection agency, in violation of 15 U.S.C. § 1692e(14).
23

24   35.    The Defendants continued collection efforts even though the debt had not

25   been verified, in violation of 15 U.S.C. § 1692g(b).

26

27

28

6                    COMPLAINT FOR DAMAGES

1   36.   The foregoing acts and omissions of the Defendants constitute numerous

2   and multiple violations of the FDCPA, including every one of the above-cited

3

4   provisions.

5   37.   The Plaintiff is entitled to damages as a result of the Defendants'

6   violations.

7

8

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

9

10

11   38.   The Plaintiff incorporates by reference all of the above paragraphs of this

12   Complaint as though fully stated herein.

13

14   39.   The Rosenthal Fair Debt Collection Practices Act, California Civil Code

15   section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and

16   practices in the collection of consumer debts.

17

18   40.   Hunt & Henriques, in the regular course of business, engages in debt

19   collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

20   41.   The Defendants threatened the Plaintiff with seizure of his property if the

21   debt was not paid, without intending to take such action, in violation of Cal. Civ. Code

22

23   § 1788.10(e).

24   42.   The Defendants threatened the Plaintiff with garnishment or attachment

25   of his wages if the debt was not paid, without intending to institute such proceedings,

26

27   in violation of Cal. Civ. Code § 1788.10(e).

28

7                COMPLAINT FOR DAMAGES

43. The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

44. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

45. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

46. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq*., in violation of Cal. Civ. Code § 1788.13(e).

47. The Defendants communicated information about the debt to the Plaintiff's extended family, without the intent of confirming the Plaintiff's location and without consent from the Plaintiff or the Plaintiff's attorney, in violation of Cal. Civ. Code § 1788.12(b).

48. The Defendants communicated with the Plaintiff in a name that was not the name of the debt collector or debt collection agency, in violation of Cal. Civ. Code § 1788.13(a).

49. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

1    50.    The Defendants did not comply with the provisions of Title 15, Section

2    1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

3

4    51.    The Plaintiff is entitled to damages as a result of the Defendants'

5    violations.

6

7

8                              **PRAYER FOR RELIEF**

9        WHEREFORE, the Plaintiff prays that judgment be entered against the

10   Defendants:

11

12       A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

13           Defendants;

14

15       B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

16           against the Defendants;

17       C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

18

19           § 1692k(a)(3) against the Defendants;

20       D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

21       E. Statutory damages of $1,000.00 for knowingly and willfully committing

22

23           violations pursuant to Cal. Civ. Code § 1788.30(b);

24       F. Actual damages from the Defendants for the all damages including

25           emotional distress suffered as a result of the intentional, reckless, and/or

26

27           negligent FDCPA violations and intentional, reckless, and/or negligent

28

---
                                9                    COMPLAINT FOR DAMAGES

invasions of privacy in an amount to be determined at trial for the

Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  August 16, 2011                          TAMMY HUSSIN


By: /s/  *Tammy Hussin*
Tammy Hussin, *of Counsel*
Lemberg & Associates, LLC
Attorney for Plaintiff, Susan Bautista