| | |
|---|---|
| 1 | MICHAEL R. SIMMONDS (SBN 96238) |
| | msimmonds@snllp.com |
| 2 | R. TRAVIS CAMPBELL (SBN 271580) |
| | tcampbell@snllp.com |
| 3 | SIMMONDS & NARITA LLP |
| | 44 Montgomery Street, Suite 3010 |
| 4 | San Francisco, CA 94104-4816 |
| | Telephone: (415) 283-1000 |
| 5 | Facsimile:   (415) 352-2625 |

Attorneys for Defendant
Hunt & Henriques

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN BAUTISTA, | ) | CASE NO.: 3:11-cv-04010-JCS |
| | ) | |
| Plaintiff, | ) | **NOTICE OF MOTION AND** |
| | ) | **SPECIAL MOTION TO STRIKE** |
| | ) | **PURSUANT TO C.C.P. § 425.16;** |
| vs. | ) | **MEMORANDUM OF POINTS** |
| | ) | **AND AUTHORITIES IN** |
| | ) | **SUPPORT** |
| HUNT & HENRIQUES, | ) | Date:   December 23, 2011 |
| | ) | Time:   9:30 a.m. |
| Defendant. | ) | Ctrm:   G (15th Floor) |
| | ) | |
| | ) | The Honorable Joseph C. Spero |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 23, 2011, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom G - 15th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, the Honorable Joseph C. Spero presiding, defendant Hunt & Henriques ("Defendant" or "Hunt & Henriques") will and hereby does move this Court for an order striking Plaintiff's second claim for relief (Count II), for violation of the California Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (the "Rosenthal Act"), pursuant to section 425.16(b) of the California Code of Civil Procedure, and awarding Defendant the reasonable attorney's fees and costs it has incurred in bringing this motion to strike, pursuant to section 425.16(c) of the California Code of Civil Procedure.

Defendant's special motion to strike is made on the grounds that: 1) several of the Rosenthal Act violations alleged by Plaintiff arise out of communications made in connection with Defendant's constitutional right to petition; and 2) Plaintiff cannot prevail because Defendant is not a "debt collector" under the Rosenthal Act, and even if it was, the actual evidence does not support the allegations in the complaint and Plaintiff cannot demonstrate a probability of success on the merits.

This motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting declaration of Michael S. Hunt filed herewith, the supporting declaration of Michael R. Simmonds filed herewith, all of the records on file in this action, and upon such other and further evidence or argument that the Court may permit at the hearing in this matter.

DATED: November 14, 2011         SIMMONDS & NARITA LLP
                                 MICHAEL R. SIMMONDS
                                 R. TRAVIS CAMPBELL


                                 By:   /s/R. Travis Campbell
                                       Attorneys for Defendant
                                       Hunt & Henriques

# TABLE OF CONTENTS

I.  INTRODUCTION.................................................... 1

II. STATEMENT OF FACTS.............................................. 2

    A.  The Allegations of the Complaint .......................... 2

    B.  The Evidence of What Really Occurred ...................... 3

III. ARGUMENT........................................................ 4

    A.  Standards For A Special Motion To Strike ("Anti-SLAPP"). ... 4

    B.  Count II of the Complaint, For Violation of the Rosenthal Act, Is Subject To An Anti-SLAPP Motion......................... 6

    C.  Plaintiff Cannot Meet Her Burden Of Establishing A Probability of Prevailing On The Merits................................. 10

        1.  Count II Fails As A Matter Of Law Since Hunt & Henriques Is Not A "Debt Collector" Under The Rosenthal Act ............................................ 10

        2.  The Allegations Underlying Count II Are Contradicted by the Evidence of What Actually Occurred In This Case............................................... 11

    D.  Hunt & Henriques Is Entitled To An Award Of Attorney's Fees And Costs Incurred In Connection With Its Anti-SLAPP Motion....................................................... 12

IV. CONCLUSION...................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Owings v. Hunt & Henriques*
2010 WL 3489342 (S.D. Cal. Sept 3, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Reyes v. Kenosian & Miele, LLP*
525 F.Supp. 2d 1158 (N.D. Cal. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATE CASES

*Barak v. Quisenberry*
135 Cal.App.4th 654 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Blanchard v. DirecTV, Inc.*
123 Cal.App.4th 903 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Briggs v. Eden Council for Hope & Opportunity*
19 Cal.4th 1106 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Contemporary Servs. Corp. v. Staff Pro Inc.*
152 Cal.App.4th 1043 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Coretronic Corp. v. Cozen O'Connor*
192 Cal.App.4th 1381 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*
47 Cal.App.4th 777 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Equilon v. Enterprises v. Consumer Cause, Inc.*
29 Cal.4th 53 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Feldman v. 1100 Park Lane Associates*
160 Cal.App.4th 1467 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Fox Searchlight Pictures, Inc. v. Paladino*
89 Cal.App.4th 294 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures, et al.*
184 Cal.App.4th 1539 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

*HMS Capital, Inc. v. Lawyers Title Co.*
118 Cal.App.4th 204 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10

*Ketchum v. Moses*
24 Cal.4th 1122 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mann v. Quality Old Time Serv., Inc.*
120 Cal.App.4th 90 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Martinez v. Metabolife Int'l, Inc.*
113 Cal.App.4th 181 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Navellier v. Sletten*
29 Cal.4th 82 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Paulus v. Bob Lynch Ford, Inc.*
139 Cal.App.4th 659 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Peregrine Funding, Inc., v. Sheppard Mullin Richter & Hampton LLP*
133 Cal.App.4th 658 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Raining Data Corp. v. Barrenechea*
175 Cal.App.4th 1363 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rohde v. Wolf*
154 Cal.App.4th 28 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Salma v. Capon*
161 Cal.App.4th 1275 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Yu v. Signet Bank*
103 Cal.App.4th 298 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Zamos v. Stroud*
32 Cal.4th 958 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL STATUTES**

Fair Debt Collection Practices Act,
    15 U.S.C. § 1692 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    15 U.S.C. § 1692e(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATE STATUTES**

California Code of Civil Procedure,
    § 425.16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    § 425.16(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    § 425.16(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    § 425.16(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    § 425.16(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8
    § 425.16(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rosenthal Fair Debt Collection Practices Act,
    Cal. Civ. Code § 1788 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    Cal. Civ. Code § 1788.11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Cal. Civ. Code § 1788.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11
    Cal. Civ. Code § 1788.11(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Cal. Civ. Code § 1788.11(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Civ. Code § 1788.12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Cal. Civ. Code § 1788.13(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Cal. Civ. Code § 1788.13(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Cal. Civ. Code § 1788.13(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Cal. Civ. Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.  INTRODUCTION**

3  Defendant Hunt & Henriques ("Hunt & Henriques") is a law firm that was retained by Citibank to recover a delinquent credit card debt owed by Plaintiff Susan Bautista ("Bautista"). When Bautista's account was referred to Hunt & Henriques for collection, Hunt & Henriques sent her a demand letter and had one phone conversation with her, during which she stated that she disputed the debt and requested that further communications be in writing. Hunt & Henriques made no further calls to her. Eventually, when Bautista did not pay the debt, Hunt & Henriques, on behalf of its client Citibank, filed a collection suit against her in San Mateo County Superior Court.

 The conduct of Hunt & Henriques preparatory to, or in anticipation of, filing the suit against Bautista is protected activity under California's "anti-SLAPP" statute, Cal. Code of Civil Procedure §425.16. Count II of Bautista's complaint, for violation of various provisions of the California Fair Debt Collection Practices Act, Civil Code §1788 *et seq.* (the "Rosenthal Act"), is subject to a special motion to strike under the anti-SLAPP statute, unless the Court determines that Bautista has established a probability that she will prevail on that claim. Bautista cannot meet that burden because (1) Hunt & Henriques, as attorneys at law, are not "debt collectors" under the Rosenthal Act; and (2) the actual evidence of what occurred in this case does not support liability under the Rosenthal Act.

 Accordingly, the Court should grant this special motion to strike and award costs and reasonable attorney's fees incurred by Hunt & Henriques in bringing this motion.

## II. STATEMENT OF FACTS

### A. The Allegations of the Complaint

Bautista alleges that Hunt & Henriques, a law firm, sought to collect a $3,500.00 Citibank debt from her. *See* Complaint ¶ 8. Bautista says that while attempting to collect her debt, Hunt & Henriques "plac[ed] daily calls to [her] cell phone twelve [] times per day" and called her "as early as 6:30 a.m." and "as late as 9:30 p.m." *Id.* ¶¶ 13-14. Hunt & Henriques also allegedly failed to stop contacting Bautista after she sent a letter requesting they "cease all communications" regarding her debt. *Id.* ¶ 19.

At unidentified times, Hunt & Henriques allegedly failed to identify itself in phone calls or state the call was an attempt to collect a debt. *Id.* ¶ 15. They also allegedly "threatened to immediately garnish [her] wages and take her home" if she failed to pay the debt. *Id.* ¶ 18. Bautista says representatives of Hunt & Henriques "identified themselves as a customer services representative of Citibank, as calling from the Better Business Bureau, and as calling from the District Attorney's Office." *Id.* ¶ 20. She further contends that they contacted her "son-in-law" and "informed [him] of the existence of the [d]ebt," claiming "it could and would attempt to collect the [d]ebt from [him]." *Id.* ¶ 21.

Based on these allegations, Bautista asserts several violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Act. *Id.* ¶¶ 25-50.[1] Specifically, she claims Hunt & Henriques:

1) "threatened [] [her] with seizure of h[er] property if the debt was not paid,

---

[1] Bautista claims Hunt &Henriques violated similar sections of the FDCPA. *See* Complaint, ¶¶ 25-37. For purposes of this motion, Bautista's relevant FDCPA claims are that Hunt & Henriques "threatened" her with "garnishment" and "attachment of [her] property if the debt was not paid," in violation of section 1692e(4). *Id.* ¶¶ 31-32. Because Hunt & Henriques only seeks to strike Bautista's Rosenthal Act claims, her claim for relief for violation of the FDCPA is not addressed in this motion.

without intending to take such action and "threatened [] [her] with garnishment or attachment of h[er] wages if the debt was not paid, without intending to institute such proceedings," in violation of section 1788.10(e) of the Rosenthal Act (*id.* ¶¶ 41-42);

2) failed to "disclose [its'] identity . . . when communicating with [] [her]," in violation of section 1788.11(b) of the Rosenthal Act (*id.* ¶ 43);

3) "caus[ed] a telephone to ring repeatedly" and engaged her in "continuous" harassing conversations "with [the] intent to annoy," in violation of section 1788.11(d) of the Rosenthal Act (*id.* ¶ 44);

4) "communicated with [] [her] with such frequency as to be considered harassment," in violation of section 1788.11(e) of the Rosenthal Act (*id.* ¶ 45);

5) "fail[ed] to comply with . . . 15 U.S.C. § 1692, *et seq.*," in violation of section 1788.13(e) of the Rosenthal Act (*id.* ¶ 46);

6) "communicated information about the debt to . . . [her] extended family, without the intent of confirming [] [her] location and with consent . . .," in violation of section 1788.12(b) of the Rosenthal Act (*id.* ¶ 47);

7) "communicated with [] her in a name that was not the name of the debt collector or debt collection agency," in violation of section 1788.13(a) of the Rosenthal Act (*id.* ¶ 48);

8) "falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately," in violation of section 1788.13(j) of the Rosenthal Act (*id.* ¶ 49); and

9) failed to "comply with provisions" of the FDCPA, in violation of section 1788.17 of the Rosenthal Act (*id.* ¶ 50).

**B.     The Evidence of What Really Occurred**

Hunt & Henriques was retained by Citibank on September 29, 2010, to pursue Bautista to collect a delinquent credit card debt. *See* Declaration of Michael S. Hunt in Support of Defendant's Special Motion to Strike ("Hunt Decl."), ¶2.

Hunt & Henriques promptly sent Bautista a demand letter. *Id.* ¶6, Ex. B. Hunt & Henriques placed one phone call to Bautista, on October 4, 2010. During a conversation with her that day, a representative of Hunt & Henriques advised Bautista that the call was from Hunt & Henriques, a debt collector, and the call was an attempt to collect a debt. Bautista stated she was disputing the account and requested all further communications be put in writing. At the conclusion of the call a "do not call" was placed on the account. No further calls where made on the account. *Id.* ¶¶7-8.

On July 26, 2011, Hunt & Henriques, on behalf of its client Citibank, filed a collection action in San Mateo County Superior Court against Bautista to recover the delinquent credit card debt. *Id.* at ¶9, Ex. C. This lawsuit ensued.

## III. ARGUMENT

### A. Standards For A Special Motion To Strike ("Anti-SLAPP")

Section 425.16(b) of the California Code of Civil Procedure, which is known as the "anti-SLAPP" statute, provides as follows:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1). The California legislature enacted the anti-SLAPP statute to provide "an efficient procedural mechanism to obtain an early and inexpensive dismissal of nonmeritorious claims 'arising from any act' of the defendant 'in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . .'" *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 186 (2003).

The phrase "in furtherance of the person's right of petition or free speech" is defined by section 425.16(e):

> As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

*Id.* § 425.16(e). Section 425.16 "shall be construed broadly." *Id.* § 425.16(a); *accord Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 671 (2006).

An anti-SLAPP motion is often characterized as a motion for summary judgment in reverse. Unlike a summary judgment motion, however, the moving party need only "make a threshold showing" that the cause of action it seeks to strike falls within the scope of section 425.16(b). *See Haight Ashbury Free Clinics, Inc. v. Happening House Ventures, et al.,* 184 Cal.App.4th 1539, 1547 (2010) ("*HAFCI*"). If it does, the burden then shifts to the plaintiff to "establish the probability of prevailing on the claim." *Id.*, citing *Equilon v. Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67 (2002). Thus, the Court must conduct a two-step analysis when ruling on this anti-SLAPP motion.

First, the Court must determine whether Bautista's Rosenthal Act claim for relief is subject to a motion to strike.[2] If it is, then the Court must determine whether Bautista has established a probability of prevailing on her claim. *See HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 211 (2004).

In performing this analysis, the Court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Code Civ. Proc. § 425.16(b)(2); *see Navellier v. Sletten*, 29

---

[2] "A special motion to strike may be addressed to individual causes of action and need not be directed to the complaint as a whole." *Coretronic Corp. v. Cozen O'Connor*, 192 Cal. App. 4th 1381, 1387 (2011).

Cal. 4th 82, 89 (2002) (in determining whether "arising from" requirement is met, court considers, *inter alia*, pleadings). In ruling on this motion, this Court should not weigh the evidence. "The court considers the pleadings and evidence submitted by both sides, but does not weigh the credibility or compare the weight of the evidence. Rather the court's responsibility is to accept as true the evidence favorable to the plaintiff [citation omitted] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." *HMS Capital, Inc.*, 118 Cal. App. 4th at 212.

Bautista's Rosenthal Act claim is subject to an anti-SLAPP motion, and there is no probability that she can prevail on the merits. The motion should be granted and Count II of her complaint should be stricken.

**B.     Count II of the Complaint, For Violation of the Rosenthal Act, Is Subject To An Anti-SLAPP Motion**

A special motion to strike may be brought to challenge a pleading based upon "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." Cal. Code Civ. Proc. § 425.16(e)(1). Over a decade ago, the California Supreme Court held that the "constitutional right to petition . . . includes the basic act of filing litigation." *Briggs v. Eden Council for Hope & Opportunity,* 19 Cal. 4th 1106, 1115 (1999). California courts have repeatedly followed this rule. *See, e.g., Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1368 (2009) ("Raining Data's 'act of filing the complaint in the underlying action squarely falls within section 425.16, subdivision (e)(1)'").[3] Further, section 425.16 is "construed

---

[3] *Accord Navellier*, 29 Cal. 4th at 89 ("[Defendant] is being sued because of the affirmative counterclaims he filed in federal court. In fact, but for the federal lawsuit and [Defendant's] alleged actions taken in connection with that litigation, plaintiffs' present claims would have no basis"); *Yu v. Signet Bank*, 103 Cal. App. 4th 298, 316 (2003) ("It is well established that filing a lawsuit is an exercise of a party's constitutional right of petition"); *Contemporary Servs. Corp. v. Staff Pro Inc.*, 152

broadly, to protect the right of litigants to the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions." *See Rohde v. Wolf*, 154 Cal.App.4th 28, 35 (2007) (citations and quotation marks omitted).

Therefore, "[s]tatements made in litigation, or in connection with litigation, are protected by section 425.16, subdivision (e)." *Coretronic*, 192 Cal. App. 4th at 1388. In addition, "communications preparatory to or **in anticipation of the bringing of an action** or other official proceeding are . . . entitled to the benefits of section 425.16." *Briggs*, 19 Cal. 4th at 1115 (quoting *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* 47 Cal.App.4th 777, 784 (1996)) (emphasis added); *see also Blanchard v. DirecTV, Inc.*, 123 Cal.App.4th 903, 918 (2004) (finding that a "demand letter, sent in advance of, or to avoid, litigation" is subject to the anti-SLAPP statute).

Bautista carefully omits to allege that Hunt & Henriques sent her a demand letter attempting to resolve her Citibank account on October 1, 2010. *See* Hunt Decl. ¶ 5, Ex. A. Eventually Hunt &Henriques, as counsel for Citibank, sued her to collect the debt. *Id*. ¶9. Thus, several of the violations of the Rosenthal Act alleged by Bautista arise from Hunt & Henriques' activities preparatory to, or in anticipation of, filing suit against Bautista to collect her debt. *See* Complaint ¶¶ 41-42 (claiming that Hunt & Henriques "threatened" to "seize her property" and "garnish[]" or "attach[] her wages if she did not pay the debt"), ¶46 (alleging that Hunt & Henriques failed to comply with provisions of the FDCPA by threatening Bautista with "garnishment" and "attachment of [her] property" if "the debt was not paid"), ¶49 (alleging that Hunt & Henriques "falsely represented that a legal

---

Cal. App. 4th 1043, 1055 (2007) ("Plaintiffs' claims are based on defendants' acts of filing the complaint in the underlying action . . . . Defendants' act of filing the complaint in the underlying action squarely falls within section 425.16, subdivision (e)(1).").

proceeding had been or was about it be instituted unless the debt was paid immediately ").

Bautista's allegations that Hunt violated the Rosenthal Act by supposed threats to sue her, garnish her wages and attach her property, clearly arise out of activity done preparatory to, and anticipation of, the state court lawsuit. They are subject to this special motion to strike. *See Feldman v. 1100 Park Lane Associates*, 160 Cal.App.4th 1467, 1474-75, 1481 (2008) (finding that a landlord's threats to tenants prior to filing an unlawful detainer were protected under section 425.16 because "[c]learly these statements were communications in connection with an ongoing dispute and in anticipation of litigation."). Similarly, a pre-litigation demand letter, like the one Hunt & Henriques sent Bautista here, is protected activity under section 425.16(e). *See Blanchard*, 123 Cal.App.4th at 918. Because Bautista has alleged numerous Rosenthal Act violations that were clearly made in the anticipation of litigation – and thus in anticipation and furtherance of Hunt & Henriques' constitutional right to petition – her entire second claim for relief is subject to an anti-SLAPP motion.

Although some of the alleged conduct is arguably not protected under section 425.16, that is not determinative of whether Count II is subject to the anti-SLAPP statute. Where, as here, "a cause of action is based on both protected activity and unprotected activity, it is subject to section 425.16 'unless the protected conduct is merely incidental to the unprotected conduct.'" *HAFCI*, 184 Cal.App.4th at 1551 (quoting *Peregrine Funding, Inc., v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal.App.4th 658, 672 (2005)) (citations omitted); *see also Mann v. Quality Old Time Serv., Inc.*, 120 Cal. App. 4th 90, 103 (2004) ("[W]here a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.16 unless the protected conduct is 'merely incidental' to the unprotected conduct . . . .").

Further, when the complaint asserts individual claims in separate paragraphs,

each of which could "be the sole and adequate basis for liability under the cause of action," the protected activity is **not** merely incidental to the unprotected activity if **any one** of those claims is protected under section 425.16. *See HAFCI*, 184 Cal.App.4th at 1551; *Salma v. Capon*, 161 Cal.App.4th 1275, 1287 (2008) (mixed causes of action are subject to a special motion to strike under section 425.16 if "at least one of the underlying acts is protected conduct.").

In *HAFCI*, the plaintiff alleged sixteen individual claims for breach of fiduciary duty under two separate causes of action. *HAFCI* at 1552. The Court noted that of the sixteen different claims, only two arose out of "protected activity" under section 425.16. *Id.* The Court found, however, that in cases where the protected activity "constitutes a comparatively small proportion of the wrong doing alleged," a "quantitative comparison" of "protected versus nonprotected" claims is not determinative. *Id.* Instead, when a plaintiff alleges numerous claims under a single cause of action, if **any** single claim is based on protected activity and could be "the sole and adequate basis for liability under the cause of action" the individual claim is not merely "incidental" to the cause of action. *Id.* at 1551-52. The Court reasoned that:

> [T]he pleading of other, indeed numerous other, indisputably, "unprotected" theories of liability [under a single cause of action] does not eliminate or reduce the chilling effect on the exercise of free speech and petition: the defendant still faces the burden of litigation and potential liability for acts deemed protected by the SLAPP statute.

*Id.* at 1551; *see also Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal.App.4th 294, 308 (2001) ("a plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one 'cause of action'").

Count II of the complaint is clearly subject to an anti-SLAPP motion. It contains ten different alleged violations under the Rosenthal Act, at least four of which arise out of Hunt & Henriques' conduct in anticipation of the lawsuit it filed against her. *See* Complaint ¶¶ 41-42, 46, 49; *see also* Hunt Decl. ¶¶8-9. Those

alleged acts, in furtherance of Hunt & Henriques' constitutional right to petition, make Count II subject to this anti-SLAPP motion.

### C. Plaintiff Cannot Meet Her Burden Of Establishing A Probability of Prevailing On The Merits

Because Hunt & Henriques has met its initial burden under the anti-SLAPP statute, the burden shifts to Bautista to come forward with admissible evidence sufficient to demonstrate a probability that she can prevail on the merits of her claim for relief under the Rosenthal Act. *See HMS Capital*, 118 Cal. App. 4th at 211-12; *Barak v. Quisenberry*, 135 Cal. App. 4th 654, 661 (2006) ("In order to trigger a response from a plaintiff in a special motion to strike, a moving defendant need only demonstrate that the action arises out of protected First Amendment activity."). To "establish a probability of prevailing in the litigation," Bautista must show that her "complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by [her] is credited." *HMS Capital*, 118 Cal. App. 4th at 213 (internal quotation marks omitted). Whether Bautista can meet her burden of establishing a prima facie case is a question of law. *See Zamos v. Stroud*, 32 Cal. 4th 958, 965 (2004); *HMS Capital*, 118 Cal. App. 4th at 213.

#### 1. Count II Fails As A Matter Of Law Since Hunt & Henriques Is Not A "Debt Collector" Under The Rosenthal Act

Bautista alleges that Hunt & Henriques is a debt collector under the Rosenthal Act. But the plain language of the Rosenthal Act specifically excludes attorneys from the definition of debt collectors.

The Rosenthal Act regulates debt collectors, and it defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. **The term . . . does not include an attorney or counselor at law**." Cal. Civ. Code § 1788.2(c) (emphasis supplied). The Rosenthal Act "explicitly excludes attorneys from the definition of 'debt collectors' . . . ." *Reyes v. Kenosian & Miele, LLP*, 525 F.Supp. 2d 1158,

1164 (N.D. Cal. 2007); *Owings v. Hunt & Henriques*, 2010 WL 3489342, *2 (S.D. Cal. Sept 3, 2010). In granting summary judgment for this same law firm, the court in *Owings* stated:

> **The definition of "debt collector" under California Civil Code Section 1788.2(c) expressly excludes "an attorney or counselor at law." A creditor's counsel retained for the purpose of collecting a debt is not a "debt collector" within the meaning of the Rosenthal Act. . . . Plaintiff's argument that the Rosenthal Act excludes attorneys but not law firms is therefore rejected. Hunt [& Henriques] cannot be held liable under the Rosenthal Act.**

*Owings*, 2010 WL 3489342 at *2 (citations omitted, emphasis supplied).

### 2. The Allegations Underlying Count II Are Contradicted by the Evidence of What Actually Occurred In This Case

Bautista has asserted various Rosenthal Act claims against Hunt & Henriques based on conduct allegedly engaged in prior to suing her to collect a delinquent Citibank account. *See* Complaint ¶¶ 38-51. The allegations, however, are completely contradicted by the evidence in this case. For this additional reason, Bautista cannot show a probability of prevailing on the merits.

Bautista's whole case is premised on an alleged series of harassing telephone calls she allegedly received from Hunt & Henriques regarding her Citibank account. Hunt & Henriques, however, placed **one** telephone call to her. *See* Hunt Decl. ¶¶7-8. When Bautista advised them that she was disputing the account and requested that Hunt & Henriques put all further communications in writing, it did so. *See id.* No more calls were placed regarding the account. *Id.* ¶8. There is also no evidence that Hunt & Henriques contacted a third party regarding Bautista's account. *Id.*

When Hunt & Henriques investigated Bautista's complaint in this case and determined that there was no merit to it, it provided a copy of Hunt & Henriques' account notes to her attorney in order to verify what had occurred, and it requested the Bautista voluntarily dismiss this action. *See* Declaration of Michael R.

Simmonds in Support of Defendant's Special Motion to Strike ("Simmonds Decl."), ¶ 2. Bautista refused. *See id.* Whether Bautista is confusing Hunt & Henriques with some other debt collector, or is deliberately fabricating her story against Hunt & Henriques, remains to be determined. But she cannot show a probability of success on the merits.

### D. Hunt & Henriques Is Entitled To An Award Of Attorney's Fees And Costs Incurred In Connection With Its Anti-SLAPP Motion

Under the anti-SLAPP statute, a prevailing defendant on a special motion to strike **shall** be entitled to recover its attorney's fees and costs. *See* Cal. Code Civ. Proc. § 425.16(c); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2004). To date, Defendant has incurred significant fees and costs in the amounts detailed in the Declaration of Michael R. Simmonds filed herewith. *See* Simmonds Decl., ¶ 3. Defendant requests attorney's fees and costs totaling $5,606.00, all of which were reasonably and necessarily incurred in researching and bringing this motion.

## IV. CONCLUSION

Bautista's Rosenthal Act claim is based on alleged conduct arising directly from Hunt & Henriques' constitutional right of petition and is therefore subject to a special motion to strike pursuant to section 425.16. Bautista cannot show that she is likely to prevail on the merits of her claims, both because Hunt & Henriques, attorneys at law, are not "debt collectors" under the Rosenthal Act, and because her allegations are unsupported by the actual evidence. The special motion to strike Count II of the complaint should be granted, and Hunt & Henriques respectfully requests that attorney's fees and costs incurred in connection with this motion be awarded.

| | | |
|---|---|---|
| 1 | DATED: November 14, 2011 | SIMMONDS & NARITA LLP<br>MICHAEL R. SIMMONDS<br>R. TRAVIS CAMPBELL |
| 2 | | |
| 3 | | |
| 4 | | By:   /s/R. Travis Campbell<br>        Attorneys for Defendant<br>        Hunt & Henriques |