UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BAUTISTA, | No. C-11-4010 JCS |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE** |
| v. | |
| HUNT & HENRIQUES, | **[Docket No. 12]** |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Susan Bautista initiated this action in the United States District Court for the Northern District of California on August 16, 2011, bringing two claims against the law firm, Defendant Hunt & Henriques ("Defendant") for violation of the Federal Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et. seq*., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et. seq*. ("Rosenthal Act").

Defendant has filed an anti-SLAPP "Special Motion to Strike Pursuant to California Code of Civil Procedure § 425.16" ("the Motion"). Dkt. No. 12. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On Friday, January 13, 2012, at 9:30 a.m., a hearing was held on the Motion. For the reasons stated below, the Motion is DENIED.

1

## II. BACKGROUND

### A. The Complaint

In her Complaint, Plaintiff alleges that Defendant engaged in a pattern of harassing phone calls in order to collect on a credit card debt. Plaintiff alleges that the telephone calls were placed as early as 6:30 a.m., and as late as 10:00 p.m., sometimes occurring twelve times in a single day. Compl. at ¶¶ 13-14. Plaintiff alleges that Defendant failed to properly identify itself when speaking with Plaintiff, and that Plaintiff made repeated requests of Defendant to cease collection attempts, yet the harassing calls continued. *Id*. at ¶¶ 15-17. Plaintiff further alleges that Defendant threatened to garnish the Plaintiff's wages and take her home if she did not immediately repay her debt. *Id.* at ¶ 18. Plaintiff alleges numerous violations of the FDCPA and the Rosenthal Act, including Defendant's failure to properly identify itself in its telephone calls, the repeated nature of the phone calls, its communication of information about the debt to Plaintiff's family members, and the use of a false name. *Id.* at ¶ 43-48. Plaintiff also alleges that Defendant falsely represented that a legal proceeding had been or was about to be instituted unless she paid the debt immediately. *Id.* at ¶ 49.

Defendant denies the allegations, arguing that it was retained by Citibank in order to collect on the debt and that it only mailed Plaintiff one demand letter, made one telephone call, and then initiated a lawsuit to collect the debt. Defendant contends that Plaintiff has named the wrong defendant in this case, and argues that it has reviewed its telephone records and its billing records and argues that the Plaintiff cannot support the allegations in her Complaint with admissible evidence.

### B. The Motion

Defendant moves to strike count two of the Complaint pursuant to California Code of Civil Procedure § 425.16 (California's "anti-SLAPP" statute). Dkt. No. 12. Defendant's motion to strike is made on the grounds that: 1) several of the Rosenthal Act violations alleged by Plaintiff arise out of communications made in connection with Defendant's constitutional right to petition; 2) Plaintiff cannot prevail because Defendant is not a "debt collector" under the Rosenthal Act, and 3) even if it were a "debt collector," the actual evidence does not support the allegations in the complaint and so Plaintiff cannot demonstrate a probability of success on the merits. Finally, Defendant seeks an

award of attorneys' fees incurred in connection with its anti-SLAPP motion.

Defendant argues it is a law firm that was retained by Citibank to recover a delinquent credit card debt owed by Plaintiff Susan Bautista. When Ms. Bautista's account was referred to Hunt & Henriques for collection, Hunt & Henriques sent her a demand letter on October 1, 2010, and had one telephone conversation with her on October 4, 2010, during which she stated that she disputed the debt and requested that further communications be in writing. Declaration of Michael S. Hunt ("Hunt Decl.") at ¶ 8. Defendant contends that it made no further calls to her. On July 26, 2011, when Plaintiff did not pay the debt, Defendant, on behalf of its client Citibank, filed a collection suit against Plaintiff in San Mateo County Superior Court. In support of its Motion, Defendant has provided the Declaration of Michael S. Hunt, including attachments that specify the account information for Ms. Bautista's account (Exhibit A), the demand letter sent to Plaintiff by Defendant (Exhibit B) and a copy of the suit filed in superior court seeking collection of the debt (Exhibit C). Defendant also submits the Declaration of Michael R. Simmonds (hereafter 'Simmonds Decl."), which sets forth the attorneys' fees incurred in connection with the present anti-SLAP motion.

Plaintiff opposes the Motion. Plaintiff argues first that Defendant's Motion is frivolous because it is based upon authority that has been rejected in this district. Specifically, Plaintiff points out that although the Rosenthal Act's definition of "debt collector" excludes individual attorneys, courts in this district (and throughout California) have held that *law firms* are not excluded. Here, no individual attorneys are named in the Complaint, only the law firm, Hunt & Henriques. As such, Plaintiff argues, Defendant is an appropriate defendant here as the law firm Hunt & Henriques acted as a debt collector and the firm is not excluded from the definition of "creditor" for purposes of the Rosenthal Act. Second, Plaintiff argues that Defendant's arguments on the merits are inappropriate given that no discovery has occurred. Moreover, the evidence is disputed. Plaintiff alleges that the harassing phone calls continue to this day, including calls where the caller identification window on her telephone reveals the words "Hunt & Henriques." As such, crediting the Defendant's declaration to the contrary is inappropriate here before the commencement of discovery. Finally, Plaintiff argues that Defendant's Motion is incorrect because it improperly emphasizes conduct that is not part of the Complaint, *i.e.*, the sending of a demand letter and initiating legal action to collect

the debt. Those allegations are not part of the Complaint; rather, the gravamen of Plaintiff's Complaint is the allegations of illegal harassing phone calls in violation of both the federal and state Fair Debt Collection Practices Acts. As such, anti-SLAPP is wholly inappropriate here where the conduct in preparation for litigation has nothing to do with the allegations of the Complaint.

In Reply, Defendant repeats its argument that it is not a "debt collector" under the Rosenthal Act, and that the reasoning in the cases relied upon by the Plaintiff from this district is "flawed." Reply at 2. Second, Defendant argues that even if the Court does not apply the attorney exception, Plaintiff has "failed to produce one piece of admissible evidence to support any of her claims." *Id.* Defendant argues that, in contrast, it has produced its account notes related to Plaintiff's debt and "has searched over 8,000 pages of phone records covering the relevant time period" and that no calls were placed to Plaintiff after October 4, 2010. *Id. See also* Supplemental Declaration of Michael S. Hunt at ¶4. Defendant also argues that no account was opened for Plaintiff's account before September 29, 2010, thus it could not have called Plaintiff starting in August 2010 as she alleges in her Complaint. *Id.* at ¶5. Defendant argues that its anti-SLAPP motion must therefore be granted.[1]

## III. ANALYSIS

### A. Legal Standard – Motion to Strike Pursuant to Cal. Code Civ. P. § 425.16

The legislature's intent in enacting the anti-SLAPP statute is to "encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." Cal. Code. Civ. P. § 425.16 (a). California's anti-SLAPP statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim[.]

Cal. Code Civ. P. § 425.16(b)(1). The Ninth Circuit has held that this provision may be applied to state law claims that are asserted in federal court. *U.S. ex. rel. Newsham v. Lockheed Missiles and*

---

[1] On December 14, 2011, Plaintiff filed a "Motion for Leave to File Surreply" based upon new material submitted by the Defendant in connection with its Reply. Defendant opposes the Motion. The Plaintiff's Motion is GRANTED and the Court has considered the Surreply to the extent that it presents arguments regarding the new evidence submitted by Defendant.

4

*Space, Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

"Special procedural rules apply where an anti-SLAPP motion is brought in federal court." *Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F.Supp.2d 1172, 1180 (C.D. Cal. 2006). A motion to strike brought under § 425.16 may be based on a defect in a complaint, including legal deficiencies addressable on a motion to dismiss under F.R.Civ.P. 12(b)(6), or a failure to support a stated claim with evidence, analogous to a Rule 56 summary judgment motion. *Condit v. National Enquirer, Inc.*, 248 F.Supp.2d 945, 952 (E.D. Cal. 2002). As one district court explained:

> "§ 425.16 applies in federal court. However, it cannot be used in a manner that conflicts with the Federal Rules. This results in the following outcome: If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies. If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies."

*Carr v. Asset Acceptance, LLC,* 2011 WL 3568338 *3 (E.D. Cal. Aug. 12, 2011) (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 983 (C.D. Cal.1999). If a defendant makes an anti-SLAPP motion based on the plaintiff's failure to submit evidence to substantiate its claims, the motion is treated as a motion for summary judgment, and discovery "must be 'developed sufficiently to permit summary judgment under Rule 56.' " *Bulletin Displays*, 448 F.Supp.2d at 1180 (citing *In re Bah*, 321 B.R. 41, 45 n. 6 (9th Cir. 2005). To invoke Section 425.16 and require a plaintiff to present evidence to support her claims before an opportunity to engage in discovery would conflict with Federal Rule of Civil Procedure 56. *Rogers*, 57 F.Supp.2d at 980-82 ("[w]hen a state procedural rule directly conflicts with a Federal Rule of Civil Procedure, the Federal Rule generally controls ...[I]f a defendant desires to make a special motion to strike [under Section 425.16] based on the plaintiff's lack of evidence, the defendant may not do so until discovery has been developed sufficiently to permit summary judgment under Rule 56.")

The analysis of an anti-SLAPP motion is a two-step burden-shifting process. First, defendant has the initial burden to establish that plaintiff's claims arise from an act in furtherance of the defendant's rights of petition or free speech. *Browne v. McCain*, 611 F. Supp. 2d 1062, 1067 (C.D. Cal. 2009). Second, if defendant meets its initial burden, the plaintiff is then charged with the

burden of establishing, by competent and admissible evidence, a probability of prevailing on his claims at trial. *Id*. at 1067-68.

### B. Application of the Law to the Facts of the Case

#### 1. Protected Activity

Defendant asserts that Plaintiff's Rosenthal Act claim should be stricken because the conduct complained of is protected by California's anti-SLAPP[2] statute, Cal. Code Civ. P. § 425.16. The first step in the analysis is to determine whether the Defendant has made the required threshold showing that the Complaint arises from protected activity, that is, conduct "in furtherance of [its] right[s] of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue[.]" § 425.16 (b)(1). The Court concludes that the Defendant has not made the requisite showing.

California's anti-SLAPP statute defines an "act in furtherance of a person's right of petition or free speech . . . in connection with a public issue" as:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, . . . or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. P. § 425.16(e). The focus is not on the form of the plaintiff's claims, but instead on the defendant's activity that gives rise to his alleged liability and whether it amounts to protected speech. *Mindy's Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598 (9th Cir. 2010) (citing *Navellier v. Sletten*, 29 Cal.4th 82, 89 (2002). "California courts have held that 'the constitutional right to petition includes the basic act of filing litigation or otherwise seeking administrative action.'" *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1099 (N.D. Cal., June 6, 2003) (Spero, J.) (quoting *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal.4th 1106, 1115 (1999)).

In deciding whether the "arising from" requirement is satisfied, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." § 425.16 (b)(2). Courts look to "the principal thrust or gravamen of the

---

[2] The acronym "SLAPP" refers to "Strategic Lawsuit Against Public Participation."

plaintiff's cause of action [to] determine[] whether the anti-SLAPP statute applies, and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." *Martinez v. Metabolife Internat. Inc*., 113 Cal. App. 4th 181, 187 (2003); *Wang v. Wal–Mart Real Estate Business Trust,* 153 Cal.App.4th 790, 802 (2007) (applicability of anti-SLAPP statute determined by "principal thrust or predominant nature of the complaint."). A cause of action does not arise from protected activity for purposes of California's anti-SLAPP statute if the protected activity is merely incidental to the cause of action. *Martinez, supra*, at 188.

In *Briggs*, *supra*, the California court of appeal explained that "just as communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47, subdivision (b) [citation], ... such statements are equally entitled to the benefits of section 425.16." *Briggs*, 19 Cal.4th 1106, 1115 (citations omitted). Many courts have observed and commented on "the congruity between protected activity within the meaning of the anti-SLAPP statute and the communicative conduct that is protected by the litigation privilege." *Gallanis-Politis v. Medina*, 152 Cal. App. 4th 600, 617 (2007).

As the court in *Gallanis-Politis* noted, "one court has observed that clauses (1) and (2) of subdivision (e) of Code of Civil Procedure section 425.6 – the SLAPP statute – defining protected activity to include statements or writings made before a judicial proceeding or made in connection with an issue under review by a judicial body – 'are parallel to and coextensive with the definition of privileged communication under Civil Code section 47, subdivision (b).'" *Id*. (citing *Ruiz v. Harbor View Community Assn*., 134 Cal.App.4th 1456, 1474 (2005).

Thus, in addition to looking to the case law addressing § 425.16, courts also looks to the case law addressing California's litigation privilege to determine whether a defendant's alleged activity is protected under the anti-SLAPP statute. *See A.F. Brown Electrical Contractor, Inc. v. Rhoino Elec. Supply Inc.,* 137 Cal.App.4th 1118, 1124 (2006) (first two clauses of anti-SLAPP statute are "co-extensive" with the litigation privilege).

For oral communications, including telephone calls to be protected, those communications must have a sufficient nexus to the filing of a lawsuit.[3] This action concerns Defendant's allegedly harassing telephone calls. The mere possibility of litigation, even if litigation is ultimately filed, is not enough for the privilege to attach to pre-suit communications. In *Edwards v. Centex*, the California Court of Appeal undertook an analysis of this issue, and delineated the outer bounds of California's litigation privilege. The court concluded that the litigation privilege does not attach unless the privileged communication has some relation to an *imminent* lawsuit or judicial proceeding. Reviewing the Restatement of Torts and California case law interpreting § 47, the court explained that "privileged communication must have some relation to an imminent lawsuit or judicial proceeding which is *actually* contemplated seriously and in good faith to resolve a dispute, and not simply as a tactical ploy to negotiate a bargain." *Id*. at 36 (emphasis in original). The court held that "the privilege attaches at that point in time that imminent access to the courts is seriously proposed by a party in good faith for the purpose of resolving a dispute, and not when a threat of litigation is made merely as a means of obtaining a settlement." *Id.*

Applying the law to the facts of the present case, the Court concludes that the Defendant has not satisfied its burden of establishing, based on undisputed facts, that the communications allegedly made by Defendant were made in anticipation of imminent litigation that was actually contemplated in good faith. Plaintiff alleges that Defendant made repeated, unlawful telephone calls in 2010. Complaint ¶ 3. Plaintiff asserts that she knew the source of the caller based on caller identification. Bautista Affidavit ¶¶ 4-9. Defendant vehemently denies these allegations, but admits that it made

---

[3]There is some question whether the litigation privilege applies to Rosenthal Act claims. *See Sial v. Unifund CCR Partners*, 2008 WL 4079281 *5 (S.D. Cal. Aug. 28, 2008) (citing *Oei v. N. Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089, 1100 (C.D. Cal. Nov. 13, 2006) (Rosenthal Act not reconcilable with litigation privilege); *Butler v. Resurgence Financial, LLC*, 521 F.Supp.2d 1093, 1095-97 (C.D. Cal. Nov. 6, 2007) (following *Oei* ); *Mello v. Great Seneca Financial Corp.*, 526 F.Supp.2d 1024, 1030-31 (C.D. Cal. Nov. 5, 2007) (same). *But see Taylor v. Quall*, 458 F.Supp.2d 1065, 1067-69 (C.D. Cal. Sept. 25, 2006) (litigation privilege precludes Rosenthal Act claims); *Nickoloff v. Wolfpoff & Abramson, LLP*, 511 F.Supp.2d 1043, 1045-46 (C.D. Cal. Sept. 18, 2007) (distinguishing *Oei*, finding Rosenthal Act and litigation privilege not irreconcilable); *Reyes v. Kenosian & Miele*, LLP, 525 F.Supp.2d 1158, 1162-65 (N.D. Cal. 2007) (same). There is also a question as to whether, even if the privilege is not applicable to Rosenthal Act claims, the anti-SLAPP statute would still protect pre-litigation conduct in Rosenthal Act claims. The Court need not address these issues. As discussed above, even if the litigation privilege or its equivalent is applicable here, the conduct alleged has not been shown to fall under its rubric.

8

one telephone call to Plaintiff on October 4, 2010 and another since the litigation was filed in December 2011. Even assuming that the only call occurred in October 2010, the collection lawsuit filed by Defendant in Superior Court to collect the debt in this case was not filed until July 26, 2011, *nine months* after the phone call Defendant admits to having made to Plaintiff.

The undisputed facts do not show that a lawsuit was imminent or actually contemplated in October 2010. Indeed, a contrary inference could be made – and must be assumed at this stage of the litigation – from the fact that a suit was not filed until nine months later. Moreover, assuming that Plaintiff's sworn version of the facts is true – as must be done under Rule 56 – the deluge of calls sworn to by Plaintiff would not be preparatory to a lawsuit contemplated in good faith. The fact that there was a dunning letter does not change this analysis.[4] While that letter is some evidence that a lawsuit was contemplated, it does not establish that fact beyond dispute.

The Court concludes that, at this early stage of the litigation, Plaintiff's Rosenthal Act claim is not barred by the anti-SLAPP statute. Defendant has not established, based on undisputed evidence, that the allegedly harassing conduct was made in good faith anticipation of imminent litigation to collect the debt. Because the Defendant fails to satisfy the first prong of the test, the burden does not shift to Plaintiff to demonstrate a probability of success on the merits of these claims and the motion must be DENIED.

### 2. Probability of Success on the Merits

In the second step of an anti-SLAPP analysis Plaintiff must demonstrate, through competent and admissible evidence, a probability of success on the merits of her claims. In making its determination, the "court must accept as true all evidence favorable to the plaintiff and assess defendant's evidence only to determine if it bars plaintiff's submissions as a matter of law." *Browne*, 611 F. Supp. 2d at 1068 (citing *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 699-700 (2007)). Furthermore, because an anti-SLAPP motion is typically brought at an early

---

[4]Even the mailing of a demand letter will not automatically result in the application of the privilege. *See Gordon Edwards v. Centex Real Estate Corp.*, 53 Cal.App.4th 15, 35 n. 10 (1997) ("Nevertheless, because the privilege does not attach prior to the actual filing of a lawsuit unless and until litigation is seriously proposed *in good faith* for the purpose of resolving the dispute, even a threat to commence litigation will be insufficient to trigger application of the privilege if it is actually made as a means of inducing settlement of a claim, and not in good faith contemplation of a lawsuit. This is a question of fact that must be determined before the privilege is applied.").

stage of the case, the plaintiff''s burden of establishing probability of success is not high. *Id.* Indeed, probability in this context has been described as "a mere possibility of success[.]" *Id.* at 1069. Courts have determined that this requires plaintiff to "demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment[.]" *Id.* (quoting *Navellier v. Sletten*, 29 Cal.4th 82, 88-89 (Cal. 2002)). Where an anti-SLAPP motion is brought in federal court and is based upon a plaintiff's alleged failure of proof, the court must analyze the motion under Rule 56, and allow the parties to conduct sufficient discovery such that a summary judgment ruling is appropriate.

Even assuming that the conduct at issue was protected under the anti-SLAPP statute, the Court concludes that, at this point in the litigation, dismissal is not appropriate.

### a. Whether a Law Firm Can be a "Debt Collector" Within the Meaning of the Rosenthal Act

The parties dispute whether the law firm, Defendant Hunt & Henriques, can be considered a "debt collector" as a matter of law within the meaning of the Rosenthal Act.

The Rosenthal Act defines a "debt collector" as:

> any person who, in the ordinary course of business, regularly on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.

Cal. Civil Code § 1788.2 (c).

Defendant contends that it is not a "debt collector" within the meaning of the Act, urging the Court to adopt the reasoning of a case from the Southern District of California involving the same law firm defendant, *Owings v. Hunt & Henriques*, 2010 WL 3489342 (S.D. Cal. Sept. 3, 2011) .

In opposition, Plaintiff argues that numerous courts in this district have concluded that law firms are not excluded from the definition of "debt collector" under the Rosenthal Act and have explicitly rejected the analysis set forth in *Owings, supra. See Reimann v. Brachfeld,* 2010 WL 5141858 (N.D. Cal. Dec. 3, 2010) (Seeborg, J.) (rejecting *Owings* citing *Abels v. JBC Legal Group, P. C.*, 227 F.R.D. 541, 547-48 (N.D. Cal. 2005) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not

1 intend to exclude law firms."); *Navarro v. Eskanos & Adler*, 2007 WL 549904 (N.D. Cal. Feb. 20, 2007 ) (Alsup, J.) (citing *Abels*, and noting that "[d]efendant do[es] not dispute that [its] primary business is collecting debts that are assigned to it by its clients"); *Owens v. Brachfeld*, 2008 WL 3891958, *4 (N.D. Cal. Aug. 20, 2008) (Fogel, J.) (law firm not excluded from definition of debt collector); *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d 1051, 1061 (C.D. Cal. 2009) (same).

The Court concludes that a law firm can be a "debt collector" within the meaning of the Rosenthal Act. The vast weight of authority in this district and throughout California supports the Plaintiff's position. *See Silva v. Jason Head*, *PLC*, 2010 WL 4593704, *5 (N.D. Cal. Nov 04, 2010) (Koh, J.); *Moriarity v. Henriques*, 2011 WL 4769270, *6 (E.D. Cal. Oct. 7, 2011) (finding the law firm Hunt & Henriques to be a debt collector under the Rosenthal Act, noting that "district courts throughout the Ninth Circuit have found that a law firm is a 'debt collector' within the meaning of the RFDCPA"); *Miranda v. Law Office of D. Scott Carruthers*, 2011 WL 2037556, *7 (E.D. Cal. May 23, 2011) (citing *Abels* and *Navarro, supra*, and noting that "[e]vidence has been submitted that Defendant Law Firm regularly engages in debt collection"). Accordingly, the Defendant's Motion, to the extent based upon its argument that Plaintiff cannot prevail as a matter of law because a law firm is not a "debt collector" within the meaning of the Rosenthal Act is DENIED.

### b. Whether Defendant Made the Alleged Calls

Defendant also argues that its billing records conclusively establish that it could not have made the harassing phone calls to Plaintiff. The Court is not persuaded by Defendant's argument. The question of whether Defendant made calls that violate the statute is disputed. Defendant asserts that it made one call. However, Plaintiff has sworn that, based on her caller id recognition, Defendant made multiple calls. At this stage of the litigation, given this dispute, dismissal would be improper. While Defendant may prove to be correct, Plaintiff has not had the opportunity to engage in any discovery. *See Bulletin Displays*, 448 F.Supp.2d at 1180 (where defendant makes an anti-SLAPP motion based on the plaintiff's failure to submit evidence to substantiate its claims the motion is treated as a motion for summary judgment, and discovery "must be 'developed sufficiently to permit summary judgment under Rule 56.' ") (citing *In re Bah*, 321 B.R. 41, 45 n. 6 (9th Cir.

2005).

## IV. CONCLUSION

For the above reasons, the Court DENIES the Defendant's Motion to Strike.

IT IS SO ORDERED.

Dated: January 17, 2012

JOSEPH C. SPERO
United States Magistrate Judge